**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| JONATHAN MOORE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> AMEDISYS, INC., RICHARD ASHWORTH, ) <br> PAUL KUSSEROW, VICKIE L. CAPPS, ) <br> MOLLY J. COYE, JULIE D. KLAPSTEIN, ) <br> TERESA L. KLINE, BRUCE D. PERKINS, ) <br> JEFFREY A. RIDEOUT, and IVANETTA ) <br> DAVIS SAMUELS, ) <br> ) <br> Defendants. ) | Case No. <br><br> **COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff Jonathan Moore ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

**NATURE OF THE ACTION**

1. Plaintiff brings this action against Amedisys, Inc. ("Amedisys" or the "Company") and its corporate directors for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the proposed sale of the Company to UnitedHealth Group, Inc. ("United Health").[1]

2. On June 26, 2023, Amedisys entered into an Agreement and Plan of Merger (the "Merger Agreement") with United Health and its wholly owned subsidiary Aurora Holdings Merger Sub Inc. ("Merger Sub"). The Merger Agreement provides that Company stockholders

---

[1] This proposed business combination is referred to herein as the "Proposed Transaction."

will receive $101.00 in cash per share of Amedisys common stock in connection with the Proposed Transaction.

3. The Company's corporate directors subsequently authorized the August 10, 2023, filing of the materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC. The Proxy Statement, which recommends that Company stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision. Defendants authorized the issuance of the false and misleading Proxy Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

4. It is imperative that the material information omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights, among other things.[2]

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question

---

[2] The Special Meeting at which stockholders are asked to approve the Proposed Transaction currently is scheduled for September 8, 2023.

jurisdiction).

7. Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District or is an individual with sufficient minimum contacts with this District to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9. Plaintiff is, and has been at all times relevant hereto, the owner of Amedisys common stock.

10. Defendant Amedisys is a Delaware corporation with its principal executive offices located at 3854 American Way, Suite A, Baton Rouge, Louisiana 70816. Amedisys' shares trade on the Nasdaq Global Select Market under the ticker symbol "AMED." Amedisys is a leading healthcare at home company delivering personalized home health, hospice and high-acuity care services. The Company operates through four segments: Home Health, Hospice, Personal Care, and High Acuity Care. The Home Health segment offers a range of services in the homes of individuals for the recovery of patients from surgery, chronic disability, or terminal illness, nursing services, rehabilitation therapists specialized in physical, speech, and occupational therapy, and social workers and aides for assisting its patients. The Hospice segment offers services that are designed to provide comfort and support for those who are dealing with a terminal illness, such as cancer, heart disease, pulmonary disease, or Alzheimer's. The Personal Care segment aids patients with the activities of daily living. The High Acuity Care offers essential elements of inpatient hospital, skilled nursing facility care, and palliative care to patients in their

homes.

11. Defendant Richard Ashworth is and has been President, Chief Executive Officer, and a director of the Company at all times relevant hereto.

12. Defendant Paul Kusserow is and has been Chairman of the Board and a director of the Company at all times relevant hereto.

13. Defendant Vickie L. Capps is and has been a director of the Company at all times relevant hereto.

14. Defendant Molly J. Coye is and has been a director of the Company at all times relevant hereto.

15. Defendant Julie D. Klapstein has been Lead Independent Director of the Company at all times relevant hereto.

16. Defendant Teresa L. Kline is and has been a director of the Company at all times relevant hereto.

17. Defendant Bruce D. Perkins is and has been a director of the Company at all times relevant hereto.

18. Defendant Jeffrey A. Rideout is and has been a director of the Company at all times relevant hereto.

19. Defendant Ivanetta Davis Samuels is and has been a director of the Company at all times relevant hereto.

20. Defendants identified in paragraphs 11-19 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

### The Proposed Transaction

21. On June 26, 2023, the Company announced in relevant part:

BATON ROUGE, La. – June 26, 2023 – Amedisys (NASDAQ: AMED), a leading provider of home health, hospice and high-acuity care, and Optum, a diversified health services company, have agreed to combine. The agreement calls for the acquisition of Amedisys's outstanding common stock in an all-cash transaction for $101 per share.

The combination of Amedisys with Optum unites two organizations dedicated to providing compassionate, value-based comprehensive care to patients and their families. The agreement is subject to Amedisys shareholder approvals, regulatory approvals and other customary closing conditions.

### The Materially Incomplete and Misleading Proxy Statement

22. The Board caused to be filed the materially incomplete and misleading Proxy Statement with the SEC on August 10, 2023  The Proxy Statement, which recommends that Amedisys stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (a) Amedisys' financial forecasts; and (b) the financial analyses underlying the fairness opinion provided by the Company's financial advisor, Guggenheim Securities, LLC ("Guggenheim").

*Material Misrepresentations and/or Omissions Concerning the Company's Financial Forecasts*

23. The Proxy Statement fails to disclose material information concerning the Company's financial forecasts, including the unlevered free cash flows upon which Guggenheim based its *Discounted Cash Flow Analysis.*[3]

---

[3] *See* Proxy Statement at 66, stating that Guggenheim "performed a discounted cash flow analysis of Amedisys based on the forecasted unlevered free cash flows for Amedisys[.]" The Proxy Statement, moreover, states that the *Discounted Cash Flow Analysis* was "based on the Amedisys-Provided Financial Projections" – the Amedisys projections provided to

24. The Proxy Statement further fails to disclose the line items underlying the unlevered free cash flows used by Guggenheim.[4]

25. The Proxy Statement further fails to disclose the line items underlying forecasted: (a) Adjusted EBITDA; (b) EBIT; (c) NOPAT; and (d) Free Cash Flow with respect to the "Amedisys March Long-Range Plan" and "Amedisys Long-Range Plan."

***Material Misrepresentations and/or Omissions Concerning Guggenheim's Financial Analyses***

26. The Proxy Statement fails to disclose material information concerning Guggenheim's financial analyses.

27. With respect to the *Discounted Cash Flow Analysis* performed by Guggenheim, the Proxy Statement fails to disclose the Company's terminal values.

28. With respect to the *Selected Precedent Merger and Acquisition Transactions* analysis and *Selected Publicly Traded Companies Analysis* performed by Guggenheim, the Proxy Statement fails to disclose the respective individual financial metrics of the transactions and companies observed.

29. With respect to the *Analyst Stock Price Targets* analysis performed by Guggenheim, the Proxy Statement fails to disclose the individual price targets observed and their respective sources.

30. The omission of the above-referenced information renders statements in the "Certain Amedisys Unaudited Prospective Financial Information" and "Opinion of Amedisys'

---

Guggenheim by Company management. *Id.*

[4] To the extent that the "Free Cash Flow" projections disclosed in the Proxy Statement actually were the unlevered free cash flows referenced above that Guggenheim used in its *Discounted Cash Flow Analysis* that fact should be clarified for stockholders.

Financial Advisor" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act.

31. Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of the Company will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Amedisys**

32. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

33. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9. Amedisys is liable as the issuer of these statements.

34. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

35. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

36. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate

disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

37. The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

38. By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

39. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

40. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

41. The Individual Defendants acted as controlling persons of Amedisys within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Amedisys and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

42. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

43. Each of the Individual Defendants had direct and supervisory involvement in the

day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the transactions giving rise to the violations as alleged herein and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

44. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

45. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of the Company, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Company stockholders;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Declaring that defendants violated Sections 14(a) and/or 20(a) of the

Exchange Act;

    D.  Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

    E.  Granting such other relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated:  August 16, 2023        **LONG LAW, LLC**

                By: */s/ Brian D. Long*
                   Brian D. Long (#4347)
                   3828 Kennett Pike, Suite 208
                   Wilmington, DE 19807
                   Telephone: (302) 729-9100
                   Email: BDLong@LongLawDE.com

                   *Attorneys for Plaintiff*